The case made for the Supreme Court is as follows:
Action on the case. The declaration contained two counts: the first for the libel published in the Washington Whig, a newspaper published in the town of Washington, North Carolina, a copy of which is as follows:
To the Public: It is ascertained and can be proved by the most respectable part of the inhabitants of the island of Portsmouth that the *Page 104 
man now employed as a physician in the hospital at that place has (142) frequently left it on his own private business, with several sick men in the hospital without any medical aid whatever; and three or four have died in his absence. At one time he was gone fifteen or twenty days, and no physician left in his stead. We feel for our fellow beings, who have to be left in such a place without any assistance, and also for ourselves, for during the month of January last smallpox broke out in the hospital, which joins the dwelling of the pretended doctor. The disease being in the center of the inhabitants, they of course protested against its remaining among them, and requested the aforesaid doctor to remove the patients to Shell Castle, which he refused to do until it was threatened to have them removed by violence. After they were removed there, four died out of ten without any medical aid, the present physician refusing to visit the patients. The collector then sent to Beaufort for a physician, but could not obtain one, and in this deplorable situation these unfortunate people were left without medical assistance. THOMAS ROBINSON.
PORTSMOUTH, 25 Feb., 1836.
The second count charged that the defendant spoke and published of and concerning the plaintiff, in the presence of several citizens in a public store, the following words: "Doctor Dudley (meaning the plaintiff) is a thief and murderer." The pleas were, general issue, justification, and statute of limitations.
To sustain the first count in the declaration, evidence was offered proving that the defendant brought the libel aforesaid in manuscript to the office of the Whig, and caused and procured the publication thereof in the Whig; and that the said paper had a considerable circulation, there being at the time of the publication between two and three hundred subscribers. It also appeared in evidence that the plaintiff was at and before the time of the said publication the hospital physician of the United States at the hospital on Portsmouth Island in this State. Under the second count it was proved that the defendant, within six months before the action, in a public store, at Portsmouth, in presence and (143) hearing of several persons, said: "Dr. Dudley is a rogue, liar, thief, and murderer." His Honor held and instructed the jury that each of the words "thief and murderer" was actionable. There was no colloquium proved of any particular larceny, nor did it appear that any particular individual was referred to as having been murdered by the plaintiff. No exception was taken to the first count; but objection was made on the trial as to the words "thief and murderer" not being actionable. The jury found a verdict on all the issues for the plaintiff on both counts, and assessed his damages at $200. A motion for a new trial *Page 105 
was made, on the ground that the words "thief and murderer," charged in the second count, were not actionable. A new trial was refused, and judgment having been rendered for the plaintiff, the defendant appealed.
This is an action upon the case for words spoken, and for a libel. There are two counts in the declaration: the first is for a libel; the second for words spoken in the presence of a number of people, viz., that "Doctor Dudley is a rogue, thief, liar, and murderer." There was no exception taken as to the first count for a libel. On the second count there was no colloquium proved at the trial of any particular larceny, nor was there any particular individual referred to as having been murdered by the plaintiff. The judge, notwithstanding, ruled and instructed the jury that each of the words spoken by the defendant (viz., "Doctor Dudley is a thief and a murderer") was actionable of itself. We are of the opinion that the charge of his Honor was correct. Calling a person a thief is actionable, if it be thereby intended to impute a felony. If it appear from the context of the plaintiff's own showing that the wordthief was not used in a felonious sense, the plaintiff will be nonsuited.Thompson v. Bernard, 1 Comp., 48. Otherwise, it lies on the defendant to show that the words were not used in a felonious sense. (144)Penfield v. Wescote, 2 New Rep., 335. An action may be maintained for calling a person a murderer (1 Rolle Ab., 72) under the same rules as we have just mentioned as to the word thief. Either of the said two words, in the absence of context, or proof to the contrary on the trial, ex vi termini imports a felony. The judgment must be
PER CURIAM. Affirmed.